IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN S. UPHOFF,<br><br>    Plaintiff,<br><br>v.<br><br>GEOFREY LEMOND and CAPTURE DESIGN VENTURES 03, LLC<br><br>    Defendants. | Civil Action File No.:<br><br>Jury Trial Demanded |

## INTRODUCTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §§2201-2202 and the Copyright Act, 17 U.S.C. §101 et seq.

2. Plaintiff John Uphoff ("Uphoff") seeks declaratory judgment that he is the sole author and copyright owner of certain computer programs he authored in 2021 and 2022 that were not "works made for hire" under 17 U.S.C. §101 or otherwise assigned to any third party.

3. Defendants Geoffrey LeMond ("LeMond") and Capture Design Ventures 03, LLC ("Capture") have initiated litigation asserting that works authored by Uphoff are owned by a partnership allegedly formed by LeMond, Uphoff and Capture (the "Fictitious Partnership") even though Uphoff never executed any writing assigning or licensing any works to the Fictitious Partnership.

4. Uphoff disputes that the Fictitious Partnership, LeMond, Capture or any other person owns any of the works that Uphoff authored.

5. Uphoff seeks a judicial declaration because there is an actual, justiciable controversy between him and the Defendants as to whether Defendants or the Fictitious Partnership own any rights to the works, which controversy has caused Uphoff significant harm,

including interfering with his ability to register, license or exploit the works or create derivative works from them—all of which are rights solely afforded to the copyright owner.

## THE PARTIES

6. Uphoff is an individual residing in Wayzata, Minnesota.

7. LeMond is an individual residing in Minneapolis, Minnesota.

8. Capture purports to be a Delaware limited liability company with its principal place of business in San Francisco, California.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 as this case arises under the United States Copyright Act, 17 U.S.C. §101 *et seq*. This Court therefore has exclusive jurisdiction to resolve the issues presented in this proceeding. This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

10. This Court has personal jurisdiction over LeMond because he is an individual who resides in Minneapolis, Minnesota, and he initiated litigation against Uphoff in the District Court for the Fourth Judicial District in Hennepin County, Minnesota, which litigation gives rise to this action.

11. This Court has personal jurisdiction over Capture because it initiated litigation against Uphoff in the District Court for the Fourth Judicial District in Hennepin County, Minnesota, which litigation gives rise to this action.

12. Venue in this Court is appropriate because LeMond and Capture initiated litigation against Uphoff in the District Court for the Fourth Judicial District in Hennepin County, Minnesota, which litigation gives rise to this action.

# BACKGROUND

i. **Uphoff Authors Certain Computer Programs that are Entitled to Copyright Protection Under the Copyright Act.**

13. Uphoff and LeMond were childhood friends who collaborated to develop games for publication on the internet.

14. From around August 2021 through September 2022, Uphoff authored several computer programs as stand-alone internet applications or that form integral components of internet applications as follows (the "Uphoff Works"):

　　a. "Packs Client" (also known as WowDao, Packs.com, and Prize.xyz), a web application to enable internet users to interact with Ethereum contracts, to view raffle data, purchase raffle tickets, and participate in ERC20 token staking rewards. Uphoff authored the Packs Client application from August 26, 2021 through August 1, 2022 using the Typescript and React programming languages.

　　b. "Packs Protocol," a suite of Ethereum contracts designed for raffles, ERC20 token staking, and token dividends. Uphoff authored Packs Protocol from October 7, 2021 to November 24, 2021 using the Solidity programming language.

　　c. "WowDao Protocol," a suite of Ethereum contracts designed for raffles, ERC20 token staking, and token dividends. WowDao Protocol is derivative of Packs Protocol. Uphoff authored WowDao Protocol from March 8, 2022 to August 1, 2022 using the Solidity programming language.

　　d. "Token Wars," a game built on the ERC721 protocol for Web 3.0, which mints a limited number of ERC721 tokens (NFTs) for sale to players as "token warriors" that "battle" for tokens that are staked to the game. Uphoff authored Token Wars

from August 19, 2022 to September 14, 2022 using the Solidity programming language.

15. Each of the Uphoff Works is a "literary work" and a "computer program" as those terms are defined in Section 101 of the Copyright Act and, as such, is subject to protection under the Copyright Act.

### ii. Uphoff is the Exclusive Owner of Each of the Uphoff Works.

16. Uphoff authored each of the Uphoff Works without any independently copyrightable contribution from LeMond or any other person. At no time did Uphoff intend to merge any contribution by LeMond (or anyone else) into any of the Uphoff Works as a single unitary whole. As such, neither LeMond nor anyone else can be considered a co-author of any of the Uphoff Works.

17. At no time did Uphoff or anyone acting on his behalf execute any instrument of conveyance, or any note or memorandum of conveyance, transferring Uphoff's interests in the Uphoff Works.

18. At no time did Uphoff or anyone acting on his behalf execute any written license granting any person exclusive rights to the Uphoff Works.

19. At the time Uphoff authored the Uphoff Works, he was not an employee of any person or entity.

20. The Uphoff Works were not specially ordered or commissioned by LeMond, Capture or the Fictitious Partnership under any written agreement stating that they would be considered works made for hire, nor are the Uphoff Works within any of the nine categories of works that qualify as works made for hire under Section 101 of the Copyright Act.

    **iii.   LeMond Serves State Court Complaint Alleging Some or All of the Uphoff Works are Assets of a Fictious Partnership.**

21.   On or around August 25, 2025, LeMond and Capture served but did not file a complaint on Uphoff and others, which complaint was captioned in the District Court for the Fourth Judicial District in Hennepin County, Minnesota (the "Hennepin Complaint"). Uphoff is informed and believes that, as of the date of this Complaint, LeMond and Capture have not filed the Hennepin Complaint with the Hennepin County court.

22.   The Hennepin Complaint asserts that Uphoff, LeMond and Capture formed the Fictitious Partnership at some undisclosed point in time "with the intent of designing, launching and profiting from online-gaming sites" Uphoff denies forming the Fictitious Partnership or any partnership with any person including LeMond or Capture.

23.   The Hennepin Complaint sets forth several claims for relief against Uphoff and others, including claims that Uphoff breached fiduciary duties to the Fictitious Partnership, engaged in civil conspiracy with other defendants, misappropriated trade secrets belonging to the Fictitious Partnership and was unjustly enriched by his use of property belonging to the Fictitious Partnership.

24.   Each of the claims set forth in the Hennepin Complaint is founded, in whole or in part, on the contention that the Uphoff Works are "partnership assets" even though Uphoff never assigned or licensed the Uphoff Works to the Fictitious Partnership. For example, the Hennepin Complaint alleges that Uphoff used "software code belonging to the [Fictitious] Partnership to develop" an application for a third party. The Hennepin Complaint further alleges that "digital programs," "software code" and "blockchain code" authored by Uphoff, among other things, are owned by LeMond or the Fictitious Partnership.

25. The Hennepin Complaint seeks monetary damages in an amount in excess of $50,000 as well as punitive damages as a result, in whole or in part, of Uphoff allegedly using his own works. Uphoff denies using any of the Uphoff Works or any other material in any way after ceasing to collaborate with LeMond or for the benefit of himself or any third person.

## CLAIM FOR DECLARATORY JUDGMENT

26. Uphoff realleges and incorporates Paragraphs 1 through 25 as if fully set forth herein.

27. Uphoff is the sole author and owner of the Uphoff Works and retains exclusive rights of the author and owner of a copyright in the Uphoff Works, specifically to register, license, exploit and to create derivative works from them.

28. LeMond and Capture, on the other hand, wrongly contend that the Uphoff Works became assets of the Fictitious Partnership simply by virtue of Uphoff's position as a partner in the Fictitious Partnership even though Uphoff never assigned or licensed the Uphoff Works to the Fictitious Partnership and never executed any writing relating to ownership of the Uphoff Works with the Fictitious Partnership, LeMond, Capture, or anyone else.

29. Uphoff denies that LeMond, Capture or the Fictitious Partnership are entitled to any right, title, interest in or to the copyright in the Uphoff Works or any derivative works based on them.

30. An actual and substantial controversy exists between Uphoff, on one hand, and LeMond and Capture, on the other, arising under the Copyright Act concerning the authorship of the Uphoff Works and the ownership of the copyright in the Uphoff Works.

31. Accordingly, Plaintiff seeks and is entitled to a declaration from this Court under 28 U.S.C. § 2201 that:

    a.    Uphoff is the sole author and owner of the Uphoff Works;

    b.    The Uphoff Works were not created as works made for hire under 17 U.S.C. § 101 and did not become assets of the Fictitious Partnership by virtue of Uphoff's alleged position as a partner in the Fictitious Partnership; and

    c.    Neither LeMond, nor Capture nor the Fictitious Partnership have any ownership interest in the copyright in the Uphoff Works.

## PRAYER FOR RELIEF

WHEREFORE, Uphoff respectfully requests that the Court enter judgment in his favor and grant the following relief:

    A.    A declaration that Uphoff is the sole author and copyright owner of the Uphoff Works;

    B.    A declaration that the Uphoff Works were not created as "works made for hire" within the meaning of 17 U.S.C. § 101 and are not otherwise owned by LeMond, Capture or the Fictitious Partnership;

    C.    A declaration that neither LeMond, nor Capture nor the Fictitious Partnership have any rights, title, or interest in the copyright in the Uphoff Works;

    D.    An award of Uphoff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

    E.    Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Uphoff hereby demands trial by jury in this action on any issue triable of right by a jury.

Dated: <u>October 27, 2025</u>

*/s/ Kerry L. Middleton*
Kerry L. Middleton, Bar No. 26622X
kmiddleton@littler.com
Benjamin D. Sandahl, Bar No. 0397220
bsandahl@littler.com
LITTLER MENDELSON, P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402.2136
Telephone:   612.630.1000
Facsimile:    612.630.9626

Joseph A. Meckes, *Pro Hac Vice* to be submitted
Joseph.meckes@sequirepb.com
Squire Patton Boggs (US) LLP
555 California Street, Suite 550
San Francisco, CA 94104
Telephone:   415.954.0201

**Attorneys for Plaintiff John Uphoff**
