UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John S. Uphoff,<br><br>Plaintiff,<br>vs.<br><br>Geoffrey LeMond and Capture Design Ventures 03, LLC,<br><br>Defendants. | No.: 0:25-CV-04128-ECT-DLM<br><br>**ANSWER TO COMPLAINT AND COUNTERCLAIM** |

Defendants Geoffrey LeMond and Capture Design Ventures 03, LLC (collectively "Defendants"), in Answer to the Complaint of Plaintiff John S. Uphoff ("Plaintiff"), by the through their attorneys of record, state as follows:

**ANSWER**

Defendants deny each and every allegation, matter, and thing alleged in the Complaint, including the section headings contained therein, unless hereinafter specifically admitted or otherwise qualified.

1. Paragraph 1 contains a statement of the nature of this action and the relief sought, to which no response is required. To the extent a response is deemed to be required, Defendants admit that this action purports to seek a declaratory judgment regarding copyright ownership, but Defendants deny that Plaintiff is entitled to the relief he seeks in this action.

2. Paragraph 2 contains a statement of the nature of this action, to which no response is required. To the extent a response is deemed to be required, Defendants deny that Plaintiff is entitled to the relief he seeks in this action.

3. With respect to paragraph 3, Defendants admit they have initiated litigation against John Uphoff and others, and affirmatively state the allegations within the Complaint from that litigation speak for themselves. Defendants deny the remainder of paragraph 3.

4. Defendants lack sufficient information to admit or deny paragraph 4, and therefore deny the same.

5. Paragraph 5 contains a statement of the nature of this action to which no response is required. To the extent a response is deemed to be required, Defendants deny that Plaintiff is entitled to the relief he seeks in this action.

6. Defendants lack sufficient information to admit or deny paragraph 6, and therefore deny the same.

7. Defendants admit paragraph 7.

8. Defendants admit paragraph 8.

9. Paragraph 9 sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is deemed to be required, Defendants deny the same.

10. Paragraph 10 sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is deemed to be required, Defendants deny the same.

11. Paragraph 11 sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is deemed to be required, Defendants deny the same.

12. Paragraph 12 sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is deemed to be required, Defendants deny the same.

**BACKGROUND**

13. Defendants admit paragraph 13.

14. Defendants deny paragraph 14.

15. Defendants deny paragraph 15.

16. Defendants deny paragraph 16.

17. Defendants deny paragraph 17.

18. Defendants deny paragraph 18.

19. Defendants deny paragraph 19.

20. Defendants deny paragraph 20.

21. With respect to paragraph 21, Defendants admit Geoffrey LeMond and Capture Design Ventures 03, LLC served their Complaint in the underlying action on Uphoff on or about August 25, 2025, and that the action was not filed as of John Uphoff's Complaint in this action. Defendants affirmatively state that the Complaint speaks for itself, and Defendants deny any allegations inconsistent with the content of the Complaint.

22. With respect to paragraph 22, Defendants affirmatively state that the referenced Complaint speaks for itself, and Defendants deny any allegations inconsistent with the content of the Complaint.

23. With respect to paragraph 23, Defendants affirmatively state that the referenced Complaint speaks for itself, and Defendants deny any allegations inconsistent with the content of the Complaint.

24. With respect to paragraph 24, Defendants affirmatively state that the referenced Complaint speaks for itself, and Defendants deny any allegations inconsistent with the content of the Complaint.

25. With respect to paragraph 25, Defendants affirmatively state that the referenced Complaint speaks for itself, and Defendants deny any allegations inconsistent with the content of the Complaint.

26. In response to paragraph 26, Defendants incorporate the above paragraphs as if fully set forth herein.

27. Defendants deny paragraph 27.

28. Defendants deny paragraph 28.

29. Defendants deny paragraph 29.

30. Defendants deny paragraph 30.

31. Defendants deny paragraph 31.

## AFFIRMATIVE DEFENSES

Defendants, by and through counsel, assert the following affirmative defenses. By asserting these defenses, Defendants do not assume any burden of proof greater than that required by law.

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has not demonstrated the existence of a real, immediate, and substantial controversy regarding copyright ownership. Any alleged dispute is speculative, premature, or otherwise insufficient to support federal jurisdiction under Article III.

3. Plaintiff lacks standing because he has not suffered a concrete injury, nor has he established a legally protectable interest requiring adjudication by this Court.

4. Plaintiff is not the author of the works identified in the Complaint, and Plaintiff does not own exclusive rights.

5. To the extent Plaintiff created any portion of the alleged works, such works were created within the scope of a partnership, agency, or employment relationship with Defendants, or were specially commissioned for the venture. As such, portions or all of the works qualify as "works made for hire" under 17 U.S.C. § 101.

6. Plaintiff's claims are or may be barred, in whole in part, due to express or implied license.

7. Plaintiff's claims are barred because the parties formed a joint venture or partnership for the design, development, and commercialization of the works. Under applicable partnership law, property contributed to or created for the partnership becomes partnership property, and Plaintiff cannot unilaterally claim exclusive ownership.

8. Plaintiff is estopped from claiming exclusive ownership because Plaintiff's representations, conduct, and silence led Defendants to reasonably believe they possessed ownership or rights in the works, and Defendants relied on such conduct to their detriment.

9. Plaintiff's claims are barred under the doctrine of unclean hands. Plaintiff engaged in inequitable conduct, including misappropriating venture assets, concealing intentions regarding ownership, and attempting to divert the jointly developed works for his own benefit.

10. Plaintiff delayed unreasonably in asserting exclusive ownership rights to works allegedly created between August 2021 and September 2022, and such delay caused Defendants significant prejudice. Plaintiff's claims are barred by laches.

11. Plaintiff's claims are barred by the Copyright Act's three-year statute of limitations, 17 U.S.C. § 507(b), because any dispute regarding ownership was known or should have been known to Plaintiff more than three years before the filing of this action.

12. Plaintiff waived any right to claim exclusive ownership of the alleged works by voluntarily participating in the joint development of the works, permitting Defendants to use and exploit the works, and failing to assert any claim of exclusive ownership during or immediately after their creation.

13. Any recovery by Plaintiff must be reduced or offset by damages Defendants suffered due to Plaintiff's conduct, including misappropriation, breach of fiduciary duties, or diversion of partnership or venture property.

14. Plaintiff's claims are or may be barred, in whole in part, by any of the affirmative defenses contemplated by Rule 8(c) Federal Rules of Civil Procedure.

15. The extent to which Plaintiff's claims may be barred by one or more such affirmative defenses, not specifically set forth above, cannot be determined until Defendants have conducted the discovery to which they are entitled. Defendants therefore reserve the right to amend these Affirmative Defenses during and upon completion of discovery to include any and all additional affirmative defenses.

## COUNTERCLAIM

Come now Geoffrey LeMond ("LeMond") and Capture Design Ventures 03, LLC ("Capture Design" and, collectively with LeMond, "Counterclaim Plaintiffs"), as and for their Counterclaim against John S. Uphoff ("Uphoff"), state and allege as follows:

### Parties

1. Geoffrey LeMond is an individual residing in Minneapolis, Minnesota.

2. Capture Design Ventures 03, LLC is a Delaware limited liability company with a principal place of business located at 1999 Oak Street, Suite 4, San Francisco, California 94117.

3. Upon information and belief, John S. Uphoff is an individual residing in Wayzata, Minnesota.

### Venue and Jurisdiction

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the acts and omissions giving rise to the claims asserted herein occurred in this judicial district.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1367(a) because the Court has original jurisdiction over the claims asserted in Uphoff's Complaint.

6. The Court has personal jurisdiction over Uphoff because, among other reasons, he has already appeared in this suit by filing his original Complaint.

## **Factual Background**

7. LeMond and Uphoff were close, longtime friends and business partners, having known each other since 2000, and having founded and worked on multiple startup ventures together since 2012.

8. In 2021, LeMond proposed to Uphoff that they should start a business venture that would develop online games of chance utilizing blockchain technology.

9. LeMond would be responsible for visual and experiential design, while Uphoff would develop the technical models, software, and blockchain code.

10. The model for the venture would be a partnership which would fund and create multiple games. Uphoff agreed to join the partnership, worked with LeMond as partners, and solicited other investors, including Capture Design, to join the partnership ("the Partnership").

11. Throughout 2021 and 2022, LeMond and Uphoff solicited and accepted approximately eight hundred and forty-two thousand US dollars ($842,000.00) from various investors to fund the Partnership and develop their ideas. They solicited the funds using pitch materials that listed LeMond as the co-founder and Chief Executive Officer ("CEO") and Uphoff as the co-founder and Chief Technical Officer ("CTO").

12. Between 2021 and 2022, LeMond and Uphoff, along with others hired by the Partnership, worked to develop several games of chance and applications, including, without limitation: (a) Unicorn.pizza; (b) Crash.xyz; (c) The House; (d) WowDao; (e) Packs.com; (f) TokenWars; (g) Prize.xyz; (h) Packs Protocol; and (i) WowDao Protocol (collectively, the "Games").

13. The purported "Uphoff Works" identified in the Complaint were all developed by Uphoff in connection with his work on the Games for the Partnership.

14. The Games, and their names, were also used by the Partnership to continue its fundraising and operations to support their Partnership. The Partnership used pitch decks that contained "The House," "WowDAO," and "Prize," and Partnership email addresses were hosted on the Unicorn.pizza website domain.

15. LeMond and the Partnership made contributions to the Games and the purported "Uphoff Works" while they were being developed. Their contributions include, but are not limited to, assisting in the design, funding, and supporting of the Games and the purported "Uphoff Works." They further contributed by hiring others to assist with certain aspects of the development and creation of the Games and purported "Uphoff Works." Among other things:

a. Uphoff and other developers that were hired to develop the Games and the purported "Uphoff Works" were all paid repeatedly with Partnership funds.

b. The Games and the purported "Uphoff Works" were developed and stored on Partnership assets.

c. The Games and the purported "Uphoff Works" were audited by third parties paid by the Partnership.

16. At all times during the development of the Games and the purported "Uphoff Works," Uphoff and the other involved developers understood and acted consistent with the Games and purported "Uphoff Works" being Partnership Property.

17. Defendants and other investors in the Partnership relied upon the Games and purported "Uphoff Works" being Partnership Property when investing substantial capital, hiring third party auditors and developers, negotiating with third parties, preparing for commercialization, and undertaking formal corporate and regulatory steps.

18. At no time prior to Uphoff's misappropriation of the Games and/or the purported "Uphoff Works" did Uphoff ever contend he was the owner of the same.

19. There exists a substantial and justiciable controversy between Uphoff and Counterclaim Plaintiffs regarding authorship and ownership of the Games under Federal Copyright Law (17 U.S.C. § 101, *et seq*.).

**COUNT I**
**DECLARATORY JUDGMENT: WORK FOR HIRE**
**(17 U.S.C § 101, *et seq.*)**

20. Counterclaim Plaintiffs reallege and incorporate herein by reference all previous allegations of this Counterclaim.

21. In 2021, Uphoff and LeMond agreed to and formed the Partnership. Through the Partnership, Uphoff and LeMond raised and obtained funds from investors to support their business venture.

22. One of the Partnership's business ventures was the development of the Games. Capture Design's and other partners' funds were used to develop the Games and the purported "Uphoff Works."

23. Within the Partnership, Uphoff assumed the role of CTO.

24. As CTO, Uphoff's role involved assisting in the development of the Games and the purported "Uphoff Works." The Games and the purported "Uphoff Works" were

developed using the Partnership's resources, including but not limited to, providing funding, paying Uphoff, and hiring additional workers to help Uphoff develop aspects of the Games and the purported "Uphoff Works."

25. Additionally, Uphoff was a fiduciary of the Partnership. Consequently, Uphoff owed the Partnership fiduciary duties.

26. Therefore, pursuant to the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201, *et seq.*), Counterclaim Plaintiffs are entitled to a declaration that the Games and the purported "Uphoff Works" were a work for hire performed on behalf of Counterclaim Plaintiffs and subsequently are owned by Counterclaim Plaintiffs.

**COUNT II**
**DECLARATORY JUDGMENT: OWNERSHIP BY OPERATION OF LAW**

27. Counterclaim Plaintiffs reallege and incorporate herein by reference all previous allegations of this Counterclaim.

28. Given his relations with Lemond, Capture Design, and the Partnership, Uphoff owed fiduciary duties to Lemond, Capture Design, and the Partnership, including but not limited to the duty of loyalty.

29. Uphoff's contributions to the Games and the purported "Uphoff Works" were made while Uphoff was an officer of the Partnership, being paid by the Partnership, and using resources of the Partnership.

30. The Games and the purported "Uphoff Works" are within the line of the Partnership's business, the Partnership had a reasonable expectancy with respect to the same, and the Partnership was financially able to exploit the same.

31. Uphoff knew at all times prior to the misappropriation that any and all work product he contributed to the Games or the purported "Uphoff Works" were to be owned by the Partnership.

32. In attempting to claim sole ownership over aspects of the Games and the purported "Uphoff Works," and in exploiting the same, Uphoff has breached his fiduciary duty of loyalty and has misappropriated Partnership assets and opportunities.

33. The Partnership is the proper holder of all copyrights in the Games and the purported "Uphoff Works" by operation of law.

## COUNT III
## DUTY TO ACCOUNT

34. Counterclaim Plaintiffs reallege and incorporate herein by reference all previous allegations of this Counterclaim.

35. To the extent Uphoff possesses any ownership interest in the Games or the purported "Uphoff Works," Uphoff holds at most a joint ownership interest shared with Defendants and/or the Partnership.

36. To the extent Uphoff has exploited and profited off the Games or the purported "Uphoff Works," Uphoff, both as a fiduciary and purported "joint owner," owes a duty to account for and share such profits with Defendants and/or the Partnership.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff as follows:

1. Declaring and adjudging that all copyrights in the Games and the purported "Uphoff Works" are exclusively owned and/or held by the Partnership;

2. Declaring and adjudging that Uphoff is willfully attempting to misappropriate the Partnership's copyrights in violation of his fiduciary duties;

3. Requiring Uphoff to return all materials relating to the Games and the purported "Uphoff Works" to the Partnership;

4. Requiring Uphoff to account and distribute all profits he obtained in exploiting the Games and the purported "Uphoff Works;"

5. Dismissing Plaintiff's Complaint with prejudice;

6. Awarding Defendants their attorneys' fees and costs incurred in connection with this action as and if allowed by law; and

7. Awarding Defendants such other and further relief as the Court deems just and equitable.

Dated: January 15, 2026

**WINTHROP & WEINSTINE, P.A.**

*/s/Brent A. Lorentz*

Joseph M. Windler, #0387758
Brent A. Lorentz, #0386865
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
Tel: (612) 604-6400
Fax: (612) 604-6800
jwindler@winthrop.com
blorentz@winthrop.com

*Attorneys for Defendants Geoffrey LeMond and Capture Design Ventures 03, LLC*

41247778v4