**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| John S. Uphoff,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>Geoffery LeMond and Capture Design Ventures 03, LLC,<br><br>Defendants, and Counterclaimants<br><br>and<br><br>Geoffery LeMond and Capture Design Ventures 03, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>John Uphoff, Matt Duea, Anthony Brennan, Allen Temiz, Raw Entertainment B.V. d/b/a Roobet, Raw Entertainment Ltd. d/b/a Roobet, Packdraw Limited, Packdraw US, LLC, and PDCC Services Limited,<br><br>Defendants. | Case No.: 0:25-cv-04128-ECT-DLM<br><br>**JOINT ANSWER OF DEFENDANTS RAW ENTERTAINMENT LTD. AND PACKDRAW LIMITED** |

Defendants Raw Entertainment Limited and Packdraw Limited (collectively "Defendants"), as and for their Answer to the Complaint of Plaintiffs, Geoffrey LeMond ("LeMond") and Capture Design Ventures 03, LLC, ("CDV") (collectively "Plaintiffs"), deny each

and every allegation contained in the Complaint except as otherwise admitted, averred and stated herein below:

## INTRODUCTION[1]

1. Defendants deny each and every allegation in this Paragraph.

2. Defendants admit that LeMond and John Uphoff ("Uphoff") were friends. Defendants deny each and every remaining allegation in this Paragraph.

3. Defendants deny each and every allegation in this Paragraph.

4. Defendants deny each and every allegation in this Paragraph.

5. Defendants deny each and every allegation in this Paragraph.

6. Defendants deny each and every allegation in this Paragraph.

7. Defendants deny each and every allegation in this Paragraph.

## PARTIES

8. Defendants admit, upon information and belief, that Plaintiff LeMond resides in the State of Minnesota. Defendants deny each and every remaining allegation contained in this Paragraph.

9. Defendants lack information sufficient to admit or deny the allegations in this Paragraph and therefore deny it.

10. Defendants admit that Uphoff is an individual but deny each and every remaining allegation in this Paragraph.

11. Defendants admit that Matt Duea ("Duea") is an individual but deny each and every remaining allegation in this Paragraph.

---

[1] Headings are included in this Answer solely as a reference to heading used in the Complaint and are not intended, and should not be interpreted, as any kind of admission of any allegations of the Complaint.

12. Defendants admit the allegations of this Paragraph.

13. Defendants admit the allegations of this Paragraph.

14. Defendants admit the allegations of this Paragraph but deny that the license information is correct.

15. Defendants admit the allegations of this Paragraph.

16. Defendants admit that Packdraw Ltd. is an entity based in Cyprus but deny each and every remaining allegation in this Paragraph.

17. Defendants admit the allegations of this Paragraph.

18. Defendants deny each and every allegation in this Paragraph.

## JURISDICTION AND VENUE

19. Defendants admit that Uphoff resides in this District but deny each and every remaining allegation in this Paragraph.

20. Defendants admit that Uphoff resides in this District but deny each and every remaining allegation in this Paragraph.

21. Defendants deny each and every allegation in this Paragraph.

## FACTUAL ALLEGATIONS

### I. LeMond and Uphoff Establish a Partnership.

22. Defendants admit LeMond and Uphoff were friends who worked on projects together, that LeMond was best man at Uphoff's wedding and that Uphoff worked for a time at LeMond Bikes. Defendants deny each and every remaining allegation in this Paragraph.

23. Defendants admit that Uphoff worked on projects with LeMond and that Uphoff developed software and blockchain code. Defendants deny each and every remaining allegation in this Paragraph.

24. Defendants deny each and every allegation in this Paragraph

25. Defendants admit that Uphoff developed games of chance under various project names including unicorn.pizza, crash.xyz, The House, WowDAO, Packs.com, Token Wars and Prize. Defendants deny each and every remaining allegation in this Paragraph.

**II. Roobet Looks to the Parties to Expand its Gaming Empire.**

26. Defendants admit that Raw Entertainment B.V. operates an online casino. Defendants deny each and every remaining allegation in this Paragraph.

27. Defendants deny each and every allegation in this Paragraph.

28. Defendants deny each and every allegation in this Paragraph.

29. Defendants admit that Duea is the CEO of Raw Entertainment B.V. Defendants deny each and every remaining allegation in this Paragraph.

30. Defendants deny each and every allegation in this Paragraph.

31. Defendants deny each and every allegation in this Paragraph.

**III. Roobet Begins Direct Negotiations with Uphoff.**

32. Defendants deny each and every allegation in this Paragraph.

33. Defendants deny each and every allegation in this Paragraph.

34. Defendants admit that Uphoff provided services to Raw Entertainment BV in around 2022-2023. Defendants deny each and every remaining allegation in this Paragraph.

**IV. Roobet and Uphoff Freeze LeMond and the Partnership Investors Out.**

35. Defendants deny each and every allegation in this Paragraph.

36. Defendants deny each and every allegation in this Paragraph.

37. Defendants admit that Packdraw launched in August 2023. Defendants deny each and every remaining allegation in this Paragraph.

**V. LeMond Learns of Uphoff's Breach.**

38. Defendants deny each and every allegation in this Paragraph.

39. Defendants deny each and every allegation in this Paragraph.

40. Defendants deny each and every allegation in this Paragraph.

41. Defendants deny each and every allegation in this Paragraph.

**VI. Roobet and Uphoff Continue to Profit Off of LeMond and Partnership Investors.**

42. Defendants deny each and every allegation in this Paragraph.

43. Defendants deny each and every allegation in this Paragraph.

## COUNT I
## BREACH OF FIDUCIARY DUTY

*(Against Uphoff)*

44. Defendants restate their responses to the allegations contained in Paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45. Defendants are not named in this Count such that no response to this Paragraph is required.

46. Defendants are not named in this Count such that no response to this Paragraph is required.

47. Defendants are not named in this Count such that no response to this Paragraph is required.

48. Defendants are not named in this Count such that no response to this Paragraph is required.

## COUNT II
## CIVIL CONSPIRACY

*(Against Duea, Roobet, and Uphoff)*

49. Defendants restate their responses to the allegations contained in Paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50. Claim dismissed, no answer required.

51. Claim dismissed, no answer required.

52. Claim dismissed, no answer required.

53. Claim dismissed, no answer required.

## COUNT III
## AIDING AND ABETTING UPHOFF'S BREACH OF FIDUCIARY DUTY

*(Against Duea and Roobet)*

54. Defendant restate their responses to the allegations contained in Paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55. Defendant Raw Entertainment Ltd. denies each and every allegation in this Paragraph. Defendant Packdraw Ltd. is not named in this Count such that no response to this Paragraph is required.

56. Defendant Raw Entertainment Ltd. denies each and every allegation in this Paragraph. Defendant Packdraw Ltd. is not named in this Count such that no response to this Paragraph is required.

57. Defendant Raw Entertainment Ltd. denies each and every allegation in this Paragraph. Defendant Packdraw Ltd. is not named in this Count such that no response to this Paragraph is required.

58. Defendant Raw Entertainment Ltd. denies each and every allegation in this Paragraph. Defendant Packdraw Ltd. is not named in this Count such that no response to this Paragraph is required.

## COUNT IV
## VIOLATION OF THE MINNESOTA UNIFORM TRADE SECRETS ACT, MINN. STAT. § 325C.01, *ET SEQ.*

*(Against All Defendants)*

59. Defendants restate their responses to the allegations contained in Paragraphs 1 through 58 of the Complaint as if fully set forth herein.

60. Claim dismissed, no answer required.

61. Claim dismissed, no answer required.

62. Claim dismissed, no answer required.

63. Claim dismissed, no answer required.

64. Claim dismissed, no answer required.

65. Claim dismissed, no answer required.

66. Claim dismissed, no answer required.

67. Claim dismissed, no answer required.

## COUNT V
## VIOLATION OF THE DEFEND TRADE SECRETS ACT OF 2016 18 U.S.C. § 1836, *ET SEQ.*

*(Against All Defendants)*

68. Defendants restate their responses to the allegations contained in Paragraphs 1 through 67 of the Complaint as if fully set forth herein.

69. Claim dismissed, no answer required.

70. Claim dismissed, no answer required.

71. Claim dismissed, no answer required.

72. Claim dismissed, no answer required.

73. Claim dismissed, no answer required.

74. Claim dismissed, no answer required.

75. Claim dismissed, no answer required.

76. Claim dismissed, no answer required.

77. Claim dismissed, no answer required.

78. Claim dismissed, no answer required.

79. Claim dismissed, no answer required.

80. Claim dismissed, no answer required.

## COUNT VI
## UNJUST ENRICHMENT

*(Against All Defendants)*

81. Defendants restate their responses to the allegations contained in Paragraphs 1 through 80 of the Complaint as if fully set forth herein.

82. Defendants deny each and every allegation in this Paragraph.

83. Defendants deny each and every allegation in this Paragraph.

84. Defendants deny each and every allegation in this Paragraph.

85. Defendants deny each and every allegation in this Paragraph.

## REQUEST FOR RELIEF

86. Plaintiffs' REQUEST FOR RELIEF and WHEREFORE provision, and each of its subparts as detailed in paragraphs 1 through 4, contain assertions to which a response is not required, but to the extent that a response may be required, Defendants deny that Plaintiffs are entitled to any relief whatsoever, and further deny that they have committed any unlawful or wrongful act with respect to Plaintiffs.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted, in whole or in part.

2. To the extent Plaintiffs have failed to institute this action within the time required under the applicable statute of limitations, their claims for relief are barred, in whole or in part.

3. Defendants, at all times relevant to this action, have acted in good faith toward Plaintiffs and acted in compliance with all applicable laws.

4. Plaintiffs' claims are barred, in whole or in part, for the reason that, at all relevant times, Defendant Uphoff did not owe Plaintiffs a fiduciary duty under applicable law.

5. Plaintiffs' claims are barred, in whole or in part, for the reason that Plaintiffs have failed to identify any information that constitutes a trade secret as defined under applicable law.

6. Plaintiffs' claims fail because any alleged action or failure to act on the part of Defendants was not the proximate cause of any injuries to Plaintiffs.

7. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed, or refused and/or neglected, to mitigate or avoid any damages or injuries they claim to have suffered.

8. Plaintiffs' Complaint fails to state facts sufficient to state a claim that would support an award of actual, compensatory, liquidated, punitive, or other damages against Defendants.

9. Plaintiffs' right to relief, if any, is limited to those remedies set forth by and under applicable law.

10. Plaintiffs' Complaint fails to state valid claims for attorneys' fees.

11. To the extent that Plaintiffs have suffered any damages, such damage was caused by and is the responsibility of persons, parties, or entities other than Defendants and over whom Defendants exercised no control.

12. Plaintiffs' claims are barred, in whole or in part, by the equitable defenses of laches, waiver, ratification, estoppel, unclean hands and/or principles of equity.

13. To the extent any alleged unlawful conduct was committed by Defendants' agents (which Defendants deny), said conduct was outside the scope of the agent's authority and contrary to Defendants' good faith efforts to comply with applicable law, and Defendants cannot be held liable based upon theories of respondent superior, vicarious liability or otherwise.

14. Pending the conclusion of further discovery and investigation, Defendants respectfully reserves the right to add such further or supplemental defenses as may be warranted by the information developed through discovery and proper to the full defense of this litigation.

**WHEREFORE**, Defendants Raw Entertainment Limited and Packdraw Limited respectfully requests the Court grant the following relief:

1. Judgment be entered dismissing Plaintiffs' Complaint on the merits and with prejudice;

2. Awarding Defendants Raw Entertainment Limited and Packdraw Limited their reasonable attorneys' fees, costs, and disbursements in accordance with applicable law; and

3. Directing such other relief as the Court deems just and equitable.

Dated: October 6, 2026

*/s/ Benjamin D. Sandahl*
Joseph A. Meckes, *Pro Hac Vice*
Joseph.meckes@sequirepb.com
SQUIRE PATTON BOGGS (US) LLP
555 California Street, Suite 550
San Francisco, California 94104
Telephone: 415.954.0201

Jeffrey M. Walker, *Pro Hac Vice*
Jeffrey. walker@sequirepb.com
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone: 614.365.2700

Kerry L. Middleton, Bar No. 26622X
kmiddleton@littler.com
Benjamin D. Sandahl, Bar No. 0397220
bsandahl@littler.com
LITTLER MENDELSON, P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402.2136
Telephone: 612.630.1000
Facsimile: 612.630.9626

**Attorneys for Defendants John Uphoff, Matt Duea, Allen Temiz, Anthony Brennan, Raw Entertainment B.V. d/b/a Roobet, Packdraw US LLC, Raw Entertainment Ltd. and Packdraw Limited**

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2026, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Minnesota by using the CM/ECF system. Participants in this Case No. 0:25-cv-04128-ECT-DLM who are registered CM./ECF users will be served by the CM/ECF system.

Dated: October 6, 2026

*/s/ Benjamin D. Sandahl*
Benjamin D. Sandahl