**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| John S. Uphoff,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>Geoffery LeMond and Capture Design Ventures 03, LLC,<br><br>Defendants, and Counterclaimants<br><br>and<br><br>Geoffery LeMond and Capture Design Ventures 03, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>John Uphoff, Matt Duea, Anthony Brennan, Allen Temiz, Raw Entertainment B.V. d/b/a Roobet, Raw Entertainment Ltd. d/b/a Roobet, Packdraw Limited, Packdraw US, LLC, and PDCC Services Limited,<br><br>Defendants. | Case No.: 0:25-cv-04128-ECT-DLM<br><br>**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS** |

Plaintiff and Counterclaim Defendant John Uphoff ("Uphoff"), as and for his Answer to Counterclaims of Defendants and Counterclaimants, Geoffrey LeMond ("LeMond") and Capture Design Ventures 03, LLC, ("CDV") (collectively "Defendants" and "Counterclaimants"), denies

each and every allegation contained in the Counterclaims except as otherwise admitted, averred and stated herein below:

**PARTIES**[1]

1. Uphoff admits, upon information and belief, that LeMond resides in the State of Minnesota. Uphoff denies each and every remaining allegation contained in this Paragraph.

2. Uphoff lacks information sufficient to admit or deny the allegations in this Paragraph and therefore denies it.

3. Uphoff admits that Uphoff is an individual but denies each and every remaining allegation in this Paragraph.

**VENUE AND JURISDICTION**

4. Uphoff admits that venue is proper in this Court. Uphoff denies each and every remaining allegation in this Paragraph.

5. Uphoff admits that jurisdiction is proper in this Court. Uphoff denies each and every remaining allegation in this Paragraph.

6. Uphoff admits that this Court has personal jurisdiction over him and that he filed his original complaint. Uphoff denies each and every remaining allegation in this Paragraph.

**FACTUAL BACKGROUND**

7. Uphoff admits LeMond and Uphoff were friends who worked on projects together. Uphoff denies each and every remaining allegation in this Paragraph.

---

[1] Headings are included in this Answer solely as a reference to heading used in the Counterclaims and are not intended, and should not be interpreted, as any kind of admission of any allegations of the Counterclaims.

8. Uphoff admits that around 2021 LeMond and Uphoff discussed a potential business venture involving online games of chance and blockchain technology. Uphoff denies each and every remaining allegation in this Paragraph.

9. Uphoff admits that he developed software and blockchain code. Uphoff denies each and every remaining allegation in this Paragraph.

10. Uphoff denies each and every allegation in this Paragraph.

11. Uphoff denies each and every allegation in this Paragraph.

12. Uphoff admits that he developed games of chance under various project names including unicorn.pizza, crash.xyz, The House, WowDAO, Packs.com, Token Wars, Prize.xyz, Packs protocol, and WowDao Protocol. Uphoff denies each and every remaining allegation in this Paragraph.

13. Uphoff denies each and every allegation in this Paragraph.

14. Uphoff denies each and every allegation in this Paragraph.

15. Uphoff denies each and every allegation in this Paragraph.

16. Uphoff denies each and every allegation in this Paragraph.

17. Uphoff denies each and every allegation in this Paragraph.

18. Uphoff denies each and every allegation in this Paragraph.

19. Uphoff admits that a controversy exists between Uphoff and Counterclaimants regarding the authorship and ownership of the Games but denies each and every remaining allegation in this Paragraph.

## COUNT I
## DECLARATORY JUDGMENT: WORK FOR HIRE
**(17 U.S.C § 101, et seq.)**

20. Uphoff restates his responses to the allegations contained in Paragraphs 1 through 19 of the Counterclaims as if fully set forth herein.

21. Uphoff denies each and every allegation in this Paragraph.

22. Uphoff denies each and every allegation in this Paragraph.

23. Uphoff denies each and every allegation in this Paragraph.

24. Uphoff denies each and every allegation in this Paragraph.

25. Uphoff denies each and every allegation in this Paragraph.

26. Uphoff denies each and every allegation in this Paragraph.

## COUNT II
## DECLARATORY JUDGMENT: OWNERSHIP BY OPERATION OF LAW

27. Uphoff restates his responses to the allegations contained in Paragraphs 1 through 26 of the Counterclaims as if fully set forth herein.

28. Claim dismissed, no answer required.

29. Claim dismissed, no answer required.

30. Claim dismissed, no answer required.

31. Claim dismissed, no answer required.

32. Claim dismissed, no answer required.

33. Claim dismissed, no answer required.

## COUNT III
## DUTY TO ACCOUNT

34. Uphoff restates his responses to the allegations contained in Paragraphs 1 through 33 of the Counterclaims as if fully set forth herein.

35. Uphoff denies each and every allegation in this Paragraph.

36. Uphoff denies each and every allegation in this Paragraph.

## PRAYER FOR RELIEF

37. Defendants' and Counterclaimants' PRAYER FOR RELIEF and WHEREFORE provision, and each of its subparts as detailed in paragraphs 1 through 7, contain assertions to which a response is not required, but to the extent that a response may be required, Uphoff denies that Defendants and Counterclaimants are entitled to any relief whatsoever, and further denies that they committed any unlawful or wrongful act with respect to Defendants and Counterclaimants.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

1. Defendants' and Counterclaimants' Counterclaims fail to state a claim upon which relief can be granted, in whole or in part.

2. To the extent Defendants and Counterclaimants have failed to institute this action within the time required under the applicable statute of limitations, their claims for relief are barred, in whole or in part.

3. Uphoff, at all times relevant to this action, has acted in good faith toward Defendants and Counterclaimants and acted in compliance with all applicable laws.

4. Defendants and Counterclaimants claims are barred, in whole or in part, because Defendants and Counterclaimants failed, or refused and/or neglected, to mitigate or avoid any damages or injuries they claim to have suffered.

5. Defendants and Counterclaimants right to relief, if any, is limited to those remedies set forth by and under applicable law.

6. Defendants and Counterclaimants claims are barred, in whole or in part, by the equitable defenses of laches, waiver, ratification, estoppel, unclean hands and/or principles of equity.

7. Pending the conclusion of further discovery and investigation, Uphoff respectfully reserves the right to add such further or supplemental defenses as may be warranted by the information developed through discovery and proper to the full defense of this litigation.

**WHEREFORE**, Defendant Uphoff respectfully requests the Court grant the following relief:

1. Judgment be entered dismissing Defendants' and Counterclaimants' Counterclaims on the merits and with prejudice;

2. Awarding Uphoff his reasonable attorneys' fees, costs, and disbursements in accordance with applicable law; and

3. Directing such other relief as the Court deems just and equitable.

Dated: October 6, 2026

*/s/ Benjamin D. Sandahl*

Joseph A. Meckes, *Pro Hac Vice*
Joseph.meckes@sequirepb.com
SQUIRE PATTON BOGGS (US) LLP
555 California Street, Suite 550
San Francisco, California 94104
Telephone: 415.954.0201

Jeffrey M. Walker, *Pro Hac Vice*
Jeffrey. walker@sequirepb.com
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone: 614.365.2700

Kerry L. Middleton, Bar No. 26622X
kmiddleton@littler.com
Benjamin D. Sandahl, Bar No. 0397220
bsandahl@littler.com
LITTLER MENDELSON, P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402.2136
Telephone: 612.630.1000
Facsimile: 612.630.9626

**Attorneys for Plaintiff and Counterclaim Defendant John Uphoff**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2026, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Minnesota by using the CM/ECF system. Participants in this Case No. 0:25-cv-04128-ECT-DLM who are registered CM./ECF users will be served by the CM/ECF system.

Dated: October 6, 2026

*/s/ Benjamin D. Sandahl*
Benjamin D. Sandahl